IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FRISINA SMITH,                  :

    Plaintiff,               :

vs.                             :       CA 08-0384-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 16 & 17 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's brief, the Commissioner's brief, and the

parties' arguments at the January 27, 2009 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to back problems, mental problems and obesity. The Administrative Law Judge (ALJ) made the following relevant findings:

> 2. The medical evidence establishes that the claimant has "severe" impairments consisting of back problems, obesity, and mental problems.
>
> 3. The claimant's impairments do not meet the requirements or equal the level of severity contemplated under any listing included in Appendix 1, Subpart P, Regulations No. 4.
>
> 4. The claimant's complaints of disabling symptoms and limitations are not considered entirely credible for the reasons set forth in the body of this decision.
>
> 5. The claimant retained the residual functional capacity to perform medium work.
>
> 6. The claimant's past relevant work as a fast food worker did not require the performance of work-related activities precluded by her medium residual functional capacity (20 CFR

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 16 & 17 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

416.965).

7. The claimant is not under a "disability" for purposes of title XVI of the Social Security Act (20 CFR 416.920(f)).

(Tr. 21-22) The Appeals Council affirmed the ALJ's decision (Tr. 4-6) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can

perform her past work as a fast food worker, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Although the claimant bears the burden of demonstrating the inability to return to her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). Social Security Ruling 82-61 recognizes three possible tests for determining whether or not a claimant retains the capacity to perform her past relevant work. They are as follows:

> 1. Whether the claimant retains the capacity to perform a past relevant job based on a broad generic, occupational classification of that job, e.g., "delivery job," "packaging job," etc.[2]

---

[2] As recognized in the ruling, use of this test is likely to be "fallacious and insupportable" because "[w]hile 'delivery jobs,' 'packaging jobs,' etc., may have a common characteristic, they often involve quite different functional demands and duties requiring varying abilities and job knowledge."

> 2.     Whether the claimant retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it.
>
> 3.     Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy.[3]

Under § 404.1520(e) of the Commissioner's regulations, a claimant will be found to be "not disabled" when it is determined that she retains the residual functional capacity to perform the actual functional demands and job duties of a particular past relevant job or the functional demands and job duties of the occupation as generally required by employers throughout the national economy. SSR 82-61.

In this case, it is impossible to determine which test the ALJ relied upon to determine that the claimant can perform her past work as a fast food worker. (*See* Tr. 20 & 21 ("Claimant's work history at Exhibit 1E shows she had sporadic employment as a fast food worker from January 2001 through April 2004. While earnings from these jobs never arose to substantial gainful activity levels, the fact that the claimant was capable of performing work related activities is clearly evidence. . . . The phrase 'past relevant work' is defined in

---

[3]     The Dictionary of Occupational Titles' descriptions can be relied upon to define the job as it is usually performed in the national economy.

the Regulations at 20 CFR 416.965. The work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity. The evidence in this case establishes that the claimant's past relevant work experience consisted of jobs as a fast food worker. The Administrative Law Judge finds that the exertional and nonexertional requirements of this work is consistent with the claimant's residual functional capacity as determined in this decision, and therefore she retains the capacity to perform past relevant work."))

Section 404.1520(e) of the Commissioner's regulations requires a review and consideration of a plaintiff's residual functional capacity and the physical and mental demands of the past work before a determination can be made that the plaintiff can perform her past relevant work.  Social Security Ruling 82-62 provides that evaluation under § 404.1520(e) "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of . . . her  PRW to determine whether the individual can still do that work."  *See also Lucas v. Sullivan*, 918 F.2d 1567, 1574 n.3 (11th Cir. 1990) (to support a conclusion

that a claimant "is able to return to her past work, the ALJ must consider all the duties of that work and evaluate her ability to perform them in spite of her impairments").

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."
>
> . . .
>
> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision.  Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.
>
> Sufficient documentation will be obtained to support the decision.  Any case requiring consideration of PRW will contain enough information on past work to permit a decision as to the individual's ability to return to such past work (or to do other work). Adequate documentation of past work includes factual information about those work demands which have a bearing on the medically established limitations.  Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate. This information will be derived from a detailed description of the work obtained from the claimant, employer, or other informed source.  Information concerning job titles, dates work was performed, rate of compensation, tools and machines used, knowledge required, the extent of supervision and independent judgment required, and a description of tasks and responsibilities will permit a judgment as to the skill level and

the current relevance of the individual's work experience.

SSR 82-62. In finding that a claimant has the capacity to perform a past relevant job, the decision of the Commissioner must contain among the findings, a finding of fact as to the claimant's residual functional capacity, a finding of fact as to the physical and mental demands of the past job/occupation, and a finding of fact that the claimant's residual functional capacity would permit a return to the past job or occupation. *Id.*

In this case, the plaintiff contends that the ALJ committed the following errors: (1) he erred in failing to find her presumptively disabled under 12.05C of the Listings; (2) he erred in rejecting the mental RFC opinion of her treating psychiatrist Dr. Mariannne Saitz; (3) he erred in according determinative weight to the mental RFC assessment of the non-examining consultative psychologist; and (4) he erred in finding that she can perform her past work as a fast food worker. Because the Court finds that the ALJ erred with respect to the first and fourth issues raised by the plaintiff, it is not necessary for the Court to consider the other errors raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

      **A.**    **<u>Listing 12.05C</u>**.    It is clear in this circuit that Smith must bear the burden of proving that she has an impairment which meets or is medically equivalent to a listed impairment. *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986) ("We hold that when a claimant contends that he has an impairment meeting the listed impairments entitling him to an adjudication of disability under regulation 404.1520(d), he must present specific medical findings that meet the various tests listed under the description of the applicable impairment or, if in the alternative he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present medical evidence which describes how the impairment has such an equivalency."); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) ("To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. . . . To 'equal' a Listing, the medical findings must be 'at least equal in severity and duration to the listed findings.'"). To establish presumptive disability under § 12.05C, a claimant must present evidence of "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function." 20 C.F.R. Pt.

404, Subpt. P, App. 1, § 12.05C. In addition, while plaintiff must "also satisfy the 'diagnostic description' of mental retardation in Listing 12.05[,]"[4] *Cooper v. Commissioner of Social Security*, 217 Fed.Appx. 450, 452, 2007 WL 543059, *1 (6th Cir. 2007),[5] citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001), the law in this circuit is clear that where, as here, a claimant has presented a valid IQ score of 60 to 70, she is entitled to the presumption that she manifested deficits in adaptive functioning before the age of 22, *Hodges v. Barnhart*, 276 F.3d 1265, 1266 & 1268-1269 (11th Cir. 2001).[6]

The problem in this case is that the ALJ makes no mention of Listing 12.05C. (*See* Tr. 17-22) In fact, all the ALJ does is generically find that Smith has "mental problems" as opposed to specifically detailing the exact nature of her problems. This makes it impossible for the undersigned to determine whether the ALJ's finding that plaintiff's impairments do not meet or equal a

---

[4] "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. "'Adaptive functioning' refers to a person's ability to perform activities of daily living and social functioning." *Fischer v. Barnhart*, 129 Fed.Appx. 297, 301-302, 2005 WL 352451, *4 (7th Cir. 2005) (citation omitted).

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[6] This presumption is rebuttable, the Commissioner being charged with the task of determining whether there is sufficient evidence (relating to plaintiff's daily life) to rebut the presumption. *Grant v. Astrue*, 255 Fed.Appx. 374, 375 (11th Cir. 2007).

listed impairment (*see* Tr. 22, Finding No. 3 ("The claimant's impairments do not meet the requirements or equal the level of severity contemplated under any listing including in Appendix 1, Subpart P, Regulations No. 4.")) is supported by substantial evidence. All the undersigned can determine, at this point in time, is that plaintiff has produced evidence of a valid verbal, performance and full scale IQ of through 60 through 70 (*see* Tr. 114 ("She was administered a WAIS-III and appeared to give her best effort. The results were felt to be valid. She obtained an FSIQ of 67 (VIQ=70; PIQ=69) which fell in the upper limits of Mild Mental Retardation range for intellectual functioning.")), as well as evidence of other physical and mental impairments which impose significant work-related limitations of function (*see* Tr. 21 ("The medical evidence establishes that the claimant has 'severe' impairments consisting of back problems, obesity, and mental problems.")). What this Court cannot determine is whether the evidence satisfies the diagnostic description of mental retardation since the ALJ did not engage in such analysis.[7] This was error which requires remand of this action to the Commissioner of Social Security for further consideration.

---

[7] This Court cannot engage in the analysis the defendant suggests in its brief (*see* Doc. 15, at 9-11); rather, this is exactly the type of analysis that must be performed by the ALJ on remand. Plaintiff is entitled to the presumption outlined in *Hodges* and the burden falls to the Commissioner to either find plaintiff presumptively disabled or rebut the presumption.

**B.     Whether Plaintiff's Past Employment as a Fast Food Worker Constitutes Past Relevant Work**.  Plaintiff also contends that the ALJ erred in determining that she can perform her past work as a fast food worker in light of his finding that such work did not rise to the level of substantial gainful activity. The ALJ made the following relevant finding regarding plaintiff's past employment as a fast food worker: "Claimant's work history at Exhibit 1E shows that she had sporadic employment as a fast food worker from January 2001 through April 2004. **While earnings from these jobs never arose to substantial gainful activity levels**, the fact that the claimant was capable of performing work related activities is clearly evident." (Tr. 20 (emphasis supplied))

The Commissioner's regulations define past relevant work as "work that [a claimant has] done within the past 15 years, that was **substantial gainful activity**, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1) (2008) (emphasis supplied). Because plaintiff's past work as a fast food worker, by the ALJ's own admission, did not rise to the level of substantial gainful activity (Tr. 20), it was reversible error for the ALJ to conclude that her past work constitutes past relevant work to which she can return, 20 C.F.R. § 416.960. In other words, since this work did not rise to

the level of substantial gainful activity, it does not constitute past relevant work. *Id*. Therefore, on the record before this Court, the ALJ improperly ceased his analysis at the fourth step of the sequential evaluation process.

## CONCLUSION

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g),[8] *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 4th day of February, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Although the plaintiff's application in this case is solely for supplemental security income benefits pursuant to 42 U.S.C. § 1383(c)(3), remand is proper under sentence four of § 405(g) because § 1383(c)(3) provides that "[t]he final decision of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."